UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JEROME L. GRIMES,

Plaintiff,

v.

J M TOWING, INC.,

Defendant.

Case No.: 26-cv-02610-WQH-MMP

**ORDER:**

**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) (ECF No. 2); AND**

**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**

HAYES, Judge:

Plaintiff Jerome L. Grimes ("Plaintiff"), proceeding pro se and currently incarcerated at the Larry D. Smith Correctional Facility in Riverside County, has filed a Complaint against Defendant J M Towing, Inc. (ECF No. 1.) Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP Motion"). (ECF No. 2.)

## I. LEGAL STANDARD

Typically, parties instituting a civil action in a United States district court must pay filing fees wof $405.[1] *See* 28 U.S.C. § 1914(a). "An action may proceed despite failure to pay the filing fees only if the party is granted IFP status." *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners, however, "face an additional hurdle." *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 892 (9th Cir. 2011). To further "the congressional goal of reducing frivolous prisoner litigation in federal court," prisoners cannot proceed IFP once they "have, while incarcerated, on 3 or more *prior* occasions had claims dismissed due to their frivolity, maliciousness, or failure to state a claim." *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997) (cleaned up); *see also* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

When courts review a dismissal to determine whether it counts as one of these three strikes, "the style of the dismissal or the procedural posture is immaterial" because "the central question is whether the dismissal rang the PLRA [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (cleaned up). Prior cases are considered strikes, then, "even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The $55 administrative fee does not apply to persons granted leave to proceed without prepayment. *Id*.

(9th Cir. 2008). Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP for having three strikes, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).

## II. DISCUSSION

While incarcerated, Plaintiff has had numerous prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (holding that "a court may take judicial notice of its own records in other cases, as well as the records of [different courts] in other cases"). Indeed, a recent order in another matter found that "Plaintiff Jerome L. Grimes, while incarcerated, has had far more than three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." *Grimes v. Arguetta*, No. 25-cv-1979-BAS-MSB, 2025 WL 2495242, at *3 (S.D. Cal. Aug. 28, 2025). That order took judicial notice that Plaintiff has filed "over 600 civil actions in multiple federal district courts across the country dating back to 1986[;]" identified at least five specific strikes entered in the Eastern District of California, Middle District of Florida, and District of Maryland; and noted prior § 1915(g) bars in this Court, the Northern District of California, Western District of Louisiana, Eastern District of Kentucky, Middle and Northern Districts of Florida, and the District of Maryland dating as far back as 2007. *Id.* at *2–3; *see also Grimes v. Armada Transp., Inc.*, No. 26-cv-3241-AJB-SBC, 2026 WL 1591095, at *1 (S.D. Cal. June 3, 2026).

Nor can Plaintiff meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g). Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up). It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No.

21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (cleaned up). Plaintiff claims Defendant J M Towing, Inc., a towing/impound yard operator, committed various torts against him in 2025. (*See* Doc. No. 1 at 2–7.) Plaintiff does not attempt to allege he is in any imminent danger. Therefore, nothing in his complaint satisfies the imminent danger exception.

## III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's IFP Motion (ECF No. 2) as barred by 28 U.S.C. § 1915(g). The Court **DISMISSES THIS ACTION WITHOUT PREJUDICE** based on Plaintiff's failure to pay the full $405 statutory and administrative filing fee required by 28 U.S.C. § 1914(a); **CERTIFIES** that an IFP appeal from this Order would be frivolous and "not taken in good faith" pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of Court to close the case.

Dated: August 14, 2026

William Q. Hayes
Hon. William Q. Hayes
United States District Court